UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B.,<br><br>    Defendants. | Civil Action No.: 0:18-cv-03189-DSD-ECW<br><br>**RULE 26(f) REPORT** |

Counsel for the parties identified below participated in the meeting required by Fed. Civ. P. 26(f) and the Local Rules, on April 22, 2019, and prepared the following report.

The initial pretrial conference in this matter is scheduled for April 30, 2019, at 10:30am, before United States Magistrate Judge Elizabeth Cowan Wright, in Chambers, Suite 342, of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101.

**DESCRIPTION OF CASE**

1. Concise factual summary of Plaintiff's claims;

**This is an interpleader action. The Prudential Insurance Company of America, Inc. ("Prudential") issued a group life insurance policy to Wal-Mart Stores, Inc. ("Wal-Mart"), bearing Group Policy No. G-43939 (the "Group Policy"). Andrew L. Davis, deceased ("Insured"), by way of his employment with Wal-Mart, was covered under the Group Policy for a total death benefit of $444,000.00 ("Total Death Benefit").**

**On or about March 4, 2015, the Insured designated J.B. and Z.B. as co-equal primary beneficiaries of the Total Death Benefit. The Insured died in the State of Minnesota on October 21, 2017. The manner of death was ruled as a**

homicide. As a consequence of the Insured's death, the Total Death Benefit became due. Annie Davis made a claim for the benefits due under the Group Policy on behalf of J.B. and Z.B.

Upon information and belief, criminal charges are pending for Z.B. with regard to the Insured's homicide. Z.B. has a claim Pursuant to Minn. Stat. Ann. § 524.2-803 ("Minnesota Slayer Statute"),

Prudential has paid 50% of the Total Death Benefit to J.B., as 50% of the Total Death Benefit is undisputed and is not at issue in this lawsuit. Z.B. may be disqualified from receiving his 50% percentage share of the Total Death Benefit, or $222,000.00 ("Remaining Death Benefit"). Prudential, as a neutral stakeholder of the Remaining Death Benefit, does not dispute that the relevant proceeds are owed, but it has been unable to determine the proper payee. Prudential filed this Interpleader action to resolve the competing claims made by and/or available to Defendants.

Appearing parties have agreed to file a Stipulation to Amend the Complaint to add the Insured's spouse, Marilyn Davis, as a defendant and putative beneficiary since, under the Minnesota Slayer Statute, she may be entitled to some or all of the Remaining Death Benefit.

Prudential intends to file a motion for appointment of a guardian ad litem for minor Defendant Z.B. and thereafter, it intends to seek consent of the parties to deposit the proceeds and to be discharged from further liability and dismissed from this action. In the event the parties do not consent, Prudential intends to file a motion for this relief and to seek to be reimbursed its attorneys' fees in connection with this action.

    2.    Concise factual summary of Defendants' claims/defenses;

**Defendant J.B.'s Summary:**

Annie Davis, as legal guardian of Defendant J.B., asserts that J.B. is entitled to receive the Remaining Death Benefit due to the disqualification of Z.B. for his role in causing the Insured's death. As Annie Davis is also the legal guardian of Z.B., she cannot adequately represent his interests in this matter due to an inherent conflict of interest. Accordingly, she will consent to a guardian *ad litem* being appointed for Z.B. Annie Davis, on behalf of J.B., will also consent to Prudential being dismissed from this case upon depositing the Remaining Death Benefit.

       3.     Statement of jurisdiction (including statutory citations);

**This Court has original jurisdiction over this Interpleader action under the provisions of 28 U.S.C. § 1331, as the underlying claims at issue involve rights and liabilities governed by federal law, specifically, ERISA, 29 U.S.C. § 1001, et seq. This Court also has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000.00, and there is diversity of citizenship among the parties; namely, Prudential is a citizen of New Jersey; Defendant J.B. is domiciled in Minnesota, and Defendants, J.B., Z.B., and Annie Davis are citizens of Minnesota.**

       4.     Summary of factual stipulations or agreements;

**Counsel for Prudential and counsel for J.B., a minor, through her guardian, Annie L. Davis, have stipulated to Prudential's filing of an Amended Complaint to add the Insured's spouse, Marilyn Davis, as a defendant. The parties anticipate that it will file the Stipulation to Amend Complaint within the next week, along with a proposed Amended Complaint.**

       5.     Statement of whether jury trial has been timely demanded by any party;

**The parties do not demand a jury trial.**

       6.     Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

**Prudential filed the Interpleader Complaint in this action on November 15, 2018. (Doc. No. 1). Defendant Annie Davis, in her capacity as guardian for minor defendants Z.B. and J.B., was served on November 21, 2018. (Doc. No. 6). On December 14, 2018, J.B., by Annie Davis, filed an Answer. (Doc. No. 12). Annie Davis has advised Prudential that she believes a guardian *ad litem* needs to be appointed for Defendant Z.B. because his interests are not aligned with those of Defendant J.B.**

**Counsel for Prudential and counsel for J.B., a minor, through her guardian, Annie L. Davis, have stipulated to Prudential's filing of an Amended Complaint to add the Insured's spouse as a defendant. The parties anticipate that it will file the Stipulation to Amend Complaint within the next week, along with a proposed Amended Complaint.**

      7.     If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

**N/A.**

      8.     If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**N/A. The parties do not wish to have this case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.**

### CLASS CERTIFICATION MOTION (*if applicable*)

      1.     Plaintiff(s) shall file their motion for class certification on or before **N/A.**

      2.     Defendant(s) shall file papers in opposition on or before **N/A**.

      3.     Plaintiff(s') reply shall be filed on or before **N/A**.

### DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 31, 2019**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **September 1, 2019**.

3. The parties **DO NOT** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.[1]

    b) No more than **15** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c) No more than **10** requests for admissions shall be served by each side.

5. No more than **2** Rule 35 Medical Examinations shall be taken by Defendant and completed by **July 31, 2019**.

6. No more than **5** depositions, excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

>   of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:

>   **Prudential, as a neutral stakeholder of the Remaining Death Benefit, seeks to deposit the Remaining Death Benefit and be discharged from liability. It does not intend to engage in discovery, including depositions.**

8.  The parties have agreed upon the following additional limitations on discovery procedures: **None**.

9.  Other discovery issues.

    a)  Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: **The parties do not anticipate any discovery issues regarding ESI**.

        [**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e- mailed to the chambers e-mail box.]

    b)  Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f),

including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **DO NOT** request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

> If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

**N/A. The parties do not anticipate any issues about claims of privilege and of protection as attorney work-product or trial preparation materials**.

## **EXPERT DISCOVERY**

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **WILL NOT** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to **0** experts. Defendant J.B. anticipates calling up to 0 experts. Each party may take one deposition per expert.

**Prudential does not anticipate calling any experts.**

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

      a)       Identities by Plaintiff[2] on or before **N/A**. Disclosures by Plaintiff on or before **N/A**.

**Prudential does not anticipate calling any expert witnesses.**

      b)       Identities by Defendant on or before _____.
      c)       Disclosures by Defendant on or before _____.

      d)  Rebuttal identities and disclosures on or before _____.

3.      Expert discovery, including depositions, shall be completed by ___.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.      Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before

**May 15, 2019**.

2.      All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before

**May 15, 2019**.

3.      Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **August 15, 2019**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4.      All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before
[**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

---

[2] The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.

**Prudential does not anticipate filing any non-dispositive motions or supporting documents relating to expert witnesses.**

### PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order- Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective- Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

### DISPOSITIVE MOTION DEADLINES

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before:

**N/A. Prudential does not anticipate engaging in expert discovery.**

**If the parties do not consent to interpleader relief, Prudential intends to file a motion to deposit the death benefit into the Court's registry and for interpleader relief, discharging Prudential from further liability to the defendants and dismissing it from this action.**

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows:

**Prudential does not anticipate participating in settlement, mediation, or alternative dispute resolution. As a neutral stakeholder of the Death Benefit, it seeks only to deposit the Death Benefit into the Court's Registry and be dismissed from this matter and discharged from liability to the Death Benefit and Group Policy via Consent Order or by motion**. **Defendant J.B. does not believe settlement discussions are possible until resolution of Defendant Z.B.'s criminal case.**

2. Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1. Trial by Magistrate Judge:

   The parties **HAVE NOT** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on **October 15, 2019**. The anticipated length of the **BENCH** trial is **1 day**.

Dated: April 22, 2019                **BERENS & MILLER, P.A.**

s/Erin K. F. Lisle
Barbara Podlucky Berens, #209788
Erin K. F. Lisle, #238168
Carrie L. Zochert, #291778
80 South 8th Street, Suite 3720
Minneapolis, MN  55402
(612) 349-6171
bberens@berensmiller.com
elisle@berensmiller.com
czochert@berensmiller.com

*Attorney for Plaintiff The Prudential Insurance Company of America*

Dated: April 22, 2019                **VAN TASSEL LAW FIRM, LLC**

s/Dawn C. Van Tassel
Dawn C. Van Tassel, #297525
2900 S. Wayzata Boulevard
Minneapolis, MN 55405
(612) 455-4580
dawn@dawnvantassel.com

**INTERPLEADER LAW, LLC**

s/Michael J. Hoover
Michael J. Hoover
LA Bar No. 35497
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: (225) 246-8706
Email: michael.hoover@ interpleaderlaw.com

*Attorney for Defendant J.B., a minor, represented herein by Annie L. Davis, her guardian*