UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B., and MARILYN DAVIS,<br><br>       Defendants. | Civil Action No.: 0:18-cv-03189-DSD-ECW<br><br>**AMENDED INTERPLEADER COMPLAINT** |

   Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business therein at 751 Broad Street, Newark, New Jersey, by way of Amended Complaint in Interpleader says:

**THE PARTIES**

   1.  Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

   2.  Defendant J.B. is a minor who is domiciled at 3100 Virginia Ave N, Crystal, MN 55427. Upon information and belief, J.B. is the niece of Andrew L. Davis, deceased ("Insured") and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

3. Defendant Z.B. is a minor who is currently domiciled and incarcerated in Minnesota. Prior to his incarceration, he resided at 3100 Virginia Ave N, Crystal, MN 55427. Z.B. is the nephew of the Insured and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

4. Defendant Annie L. Davis ("Annie") is an adult individual who is domiciled at 3100 Virginia Ave N, Crystal, MN 55427. Upon information and belief, Annie is the grandmother and legal guardian of J.B. and Z.B.

5. Defendant Marilyn Davis ("Marilyn") is an adult individual who is domiciled at 4950 Lakeland Ave N, Minneapolis, Minnesota. Upon information and belief, Marilyn is the wife of the Insured.

## JURISDICTION

6. This Court has original jurisdiction over this Interpleader action under the provisions of 28 U.S.C. § 1331, as the underlying claims at issue involve rights and liabilities governed by federal law, specifically, ERISA, 29 U.S.C. § 1001, et seq.

7. Further, this Court has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000.00, and there is diversity of citizenship among the parties.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(a) because it is the judicial district in which at least one of the claimants resides.

## FACTS SUPPORTING INTERPLEADER

9. Prudential issued a group life insurance policy to Wal-Mart Stores, Inc. ("Wal-Mart"), bearing Group Policy No. G-43939 (the "Group Policy"). Attached hereto as Exhibit A is a true and accurate copy of the Group Policy booklet/certificates.

10. At all relevant times, the Insured, by way of his employment with Wal-Mart, was covered for basic life insurance in the amount of $44,000.00 ("Basic Life Benefit"), optional life insurance in the amount of $200,000.00 ("Optional Life Benefit"), and optional accidental death and dismemberment insurance in the amount of $200,000.00 ("Optional AD&D Benefit") under the Group Policy for a total death benefit of $444,000.00 ("Total Death Benefit"). Attached as Exhibit B is a true and accurate copy of a printout reflecting the amounts of the Basic Life Benefit, Optional Life Benefit, and Optional AD&D Benefit.

11. On or about March 4, 2015, the Insured designated J.B. and Z.B. as co-equal primary beneficiaries of the Total Death Benefit. Attached hereto as Exhibit C is a true and accurate copy of an online print out of the Insured's Beneficiary Designations, dated March 4, 2015.

12. Prudential has received information that the Insured died in the State of Minnesota on October 21, 2017. The immediate cause of the death was cardiac arrest complicating altercation, and the manner of death was ruled as a homicide. Attached hereto as Exhibit D is a true and accurate copy of the Insured's Death Certificate, as provided to Prudential.

13. As a consequence of the Insured's death, the Total Death Benefit became due.

14. Annie made a claim for the benefits due under the Group Policy on behalf of J.B. Attached hereto as Exhibit E is a true and correct copy of the Group Life Insurance Claim Form submitted by Annie on behalf of J.B., dated December 18, 2017, as received by Prudential.

15. Annie made a claim for the benefits due under the Group Policy on behalf of Z.B. Attached hereto as Exhibit F is a true and correct copy of the Group Life Insurance Claim Form submitted by Annie on behalf of Z.B., dated January 17, 2018, as received by Prudential.

16. Prudential has paid 50% of the Total Death Benefit to J.B., as her 50% share of the Total Death Benefit is undisputed and is not at issue in this lawsuit.

17. Z.B. has a claim to the remaining 50% of the Total Death Benefit, or $222,000.00 ("Remaining Death Benefit").

18. On or about April 3, 2018, Prudential spoke with William Mondale of the Hennepin County Attorney's Office. Mr. Mondale stated that criminal charges are pending for Z.B. with regard to the Insured's homicide.

19. Under Minnesota law, a named beneficiary who feloniously and intentionally kills the person upon whose life the policy is issued is not entitled to any benefit under the policy. Minn. Stat. Ann. § 524.2-803 ("Minnesota Slayer Statute").

20. The Minnesota Slayer Statute further provides that, upon notice to the insurance company that a named beneficiary may have intentionally and feloniously killed the Insured, the insurance company shall withhold payment of the policy proceeds. Upon filing of an action in district court regarding the policy proceeds:

> The court may order the insurance company to pay the policy proceeds to any person equitably entitled thereto, including the deceased insured's spouse, children, issue, parents, creditors or estate, and may order the insurance company to pay the proceeds of the policy to the court pending the final determination of distribution of the proceeds by the court.

Minn. Stat. Ann. § 524.2-803 (West).

21. Further, federal common law generally prohibits a person from benefitting from their misdeeds, *i.e.* to profit from one's own wrongdoings.

22. In the event that Z.B. is disqualified from receiving his percentage share of the Total Death Benefit under Minn. Stat. Ann. § 524.2-803, J.B. may be entitled to the Remaining Death Benefit as the other named beneficiary. *See* Exhibit A, at p. 46.

23. The Insured's wife, Marilyn, may also be entitled to the Remaining Death Benefit pursuant to the Minnesota Slayer Statute.

24. Upon information and belief, the Insured had no children surviving him upon his death and no estate has been opened for the Insured.

## THE APPROPRIATENESS OF INTERPLEADER

25. Prudential claims no title to or interest in the Remaining Death Benefit to be paid under the Group Policy on account of the death of the Insured and is ready and willing to pay the Remaining Death Benefit to the person entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to defendants.

26. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the defendants as to the Remaining Death Benefit.

27. Prudential is a mere stakeholder in this action, having and claiming no interest in the Remaining Death Benefit payable upon the death of the Insured. Prudential is ready and willing to deposit the Remaining Death Benefit, together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

### PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A. Appointing separate guardians *ad litem* for minor defendants, J.B. and Z.B.;

B. Directing Prudential to pay the Remaining Death Benefit, together with claim interest, if any, into this Court, or to such other person as the Court directs;

C. Directing the defendants to interplead their rights to such sum;

D. Restraining the defendants, and each of them, from instituting or maintaining any action against Prudential to recover such sum;

E. Discharging Prudential from all liability to the defendants arising out of the matters set forth herein upon payment of the Remaining Death Benefit, together with applicable claim interest, if any, into this Court;

F. Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

G. Such other relief as is deemed just and proper.

Dated: April 25, 2019

BERENS & MILLER, P.A.

s/Barbara Podlucky Berens
Barbara Podlucky Berens, #209788
Erin K. F. Lisle, #238168
80 S. 8TH Street, Suite 3720
Minneapolis, MN 55402
Telephone:   (612) 349-6171
Facsimile:    (612) 349-6416
bberens@berensmiller.com
elisle@berensmiller.com

***Attorneys for Defendant the Prudential Insurance Company of America***