# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B., and MARILYN DAVIS,<br><br>　　　　　　　Defendants. | Civil Action No.: 0:18-cv-03189-DSD-ECW |

## PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S BRIEF IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67

Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed this Interpleader Complaint to resolve the competing claims of Defendants J.B., a minor, and Z.B., a minor, to a remaining death benefit of $222,000.00 due as a consequence of the death of Andrew L. Davis, deceased (the "Insured"). Prudential does not dispute that the death benefit is owed, but Prudential is subject to multiple liability due to the defendants' adverse claims to the death benefit.

In this motion, Prudential moves this Court for entry of an Order appointing individuals as the Court deems appropriate as guardians *ad litem* for minor Defendants,

J.B. and Z.B. and directing Prudential to deposit the subject death benefit into the Court's registry.

## PROCEDURAL HISTORY

On November 15, 2018, Prudential filed the Interpleader Complaint in this action. (Doc. No. 1.). On November 21, 2018, Z.B. and J.B. were served with the Summons and Complaint via Defendant Annie L. Davis (solely in her capacity as guardian for Z.B. and J.B.).. (Doc. Nos. 9-11). On December 14, 2018, Defendant J.B. filed an Answer through Annie L. Davis, her guardian. (Doc. No. 12).

On April 22, 2019, Counsel for Prudential and J.B. filed a Stipulation to Amend Complaint (Doc. No. 17), which was entered by the Court the same day. (Doc. No. 19). On April 25, 2019, Prudential filed an Amended Complaint, naming Marilyn Davis ("Marilyn") as a defendant. (Doc. No. 20).

On May 7, 2019, Defendant Z.B. was served with the Amended Complaint. (Doc. No. 27). On May 13, 2019, Defendant J.B. filed an Answer to the Amended Complaint through Annie L. Davis, her guardian. (Doc. No. 25).

## STATEMENT OF FACTS

Prudential issued a group life insurance policy to Wal-Mart Stores, Inc. ("Wal-Mart"), bearing Group Policy No. G-43939 (the "Group Policy"). (*See* Declaration of Victoria Angle ("Angle Decl."), ¶2.) At all relevant times, the Insured, by way of his employment with Wal-Mart, was covered for basic life insurance in the amount of $44,000.00 ("Basic Life Benefit"), optional life insurance in the amount of $200,000.00 ("Optional Life Benefit"), and optional accidental death and dismemberment insurance in

2

the amount of $200,000.00 ("Optional AD&D Benefit") under the Group Policy for a total death benefit of $444,000.00 ("Total Death Benefit"). (Angle Decl. at ¶3.) On or about March 4, 2015, the Insured designated J.B. and Z.B. as co-equal primary beneficiaries of the Total Death Benefit. (*Id.*, ¶4.)

The Insured died in the State of Minnesota on October 21, 2017. (*Id.*, ¶5.) The immediate cause of the death was cardiac arrest complicating altercation, and the manner of death was ruled as a homicide. (*Id.*)

As a consequence of the Insured's death, the Total Death Benefit became due. (*Id.*, ¶6.) Davis made claims for the benefits due under the Group Policy on behalf of J.B. and Z.B. (*Id.*, ¶7-8.) Davis also provided a copy of an Order entered on August 8, 2007 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, appointing Davis as guardian of the persons and estates of J.B. and Z.B. (*Id.*, ¶9.)

Prudential has paid 50% of the Total Death Benefit to J.B., as her 50% share of the Total Death Benefit is undisputed and is not at issue in this lawsuit. (*Id.*, ¶10.) Z.B. has a claim to the remaining 50% of the Total Death Benefit, or $222,000.00 ("Remaining Death Benefit"). (*Id.*, ¶11.)

On or about April 3, 2018, Prudential spoke with William Mondale of the Hennepin County Attorney's Office. Mr. Mondale stated that criminal charges are pending for Z.B. with regard to the Insured's homicide. (*Id.*, ¶12.) On June 5, 2019, counsel for J.B. reportedly received a communication from the Hennepin County Attorney's Office that there has been no criminal complaint or delinquency petition filed against Z.B. but the case has not yet been closed. (*See* Meet & Confer Statement, ¶3).

Under Minnesota law, a named beneficiary who feloniously and intentionally kills the person upon whose life the policy is issued is not entitled to any benefit under the policy. Minn. Stat. Ann. § 524.2-803

The Minnesota Slayer Statute further provides that, upon notice to the insurance company that a named beneficiary may have intentionally and feloniously killed the Insured, the insurance company shall withhold payment of the policy proceeds. Upon filing of an action in district court regarding the policy proceeds:

> The court may order the insurance company to pay the policy proceeds to any person equitably entitled thereto, including the deceased insured's spouse, children, issue, parents, creditors or estate, and may order the insurance company to pay the proceeds of the policy to the court pending the final determination of distribution of the proceeds by the court.

Minn. Stat. Ann. § 524.2-803 (West). Further, federal common law generally prohibits a person from benefitting from their misdeeds, *i.e.* to profit from one's own wrongdoings.

In the event that Z.B. is disqualified from receiving his percentage share of the Total Death Benefit under Minn. Stat. Ann. § 524.2-803, J.B. may be entitled to the Remaining Death Benefit as the other named beneficiary. *See* Exhibit A, at p. 46. The Insured's wife, Marilyn, may alternately be entitled to the Remaining Death Benefit pursuant to the Minnesota Slayer Statute. Upon information and belief, the Insured had no children surviving him upon his death and no estate has been opened for the Insured. (*See* Amended Complaint, filed April 25, 2019, at ¶24; Answer of J.B. to Amended Complaint, filed May 13, 2019 at ¶24).

Prudential claims no title to or interest in the Remaining Death Benefit due under the Group Policy and has commenced this action to protect itself from potential multiple liability. (Id., ¶14.)  Prudential is ready and willing to deposit the Remaining Death Benefit of $222,000.00, together with applicable claim interest, if any, with the Court. (Id., ¶15.)

## LEGAL ARGUMENT

### I. The Court Should Grant Prudential's Motion To Deposit The Remaining Death Benefit, Together With Applicable Claim Interest, If Any, With The Court

Rule 67 (a) provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all of part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

Here, Prudential seeks to have the Court determine the "disposition of a sum of money."  Prudential therefore respectfully requests that this Court issue an Order allowing Prudential to deposit the Remaining Death Benefit, plus applicable claim interest, if any, into the Court's registry until such time as the Court can determine the proper payee.

### II. This Court Should Appoint Guardians *Ad Litem* For Minor Defendants, Z.B. and J.B., and The Guardian *Ad Litem* Should Be Compensated From The Fund To Be Deposited With the Court.

Rule 17(c)(1) provides that a general guardian may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1). Where a minor does not have a duly appointed representative, the Court must appoint a guardian *ad litem* or make such other appropriate Order for the protection of the minor. Fed. R. Civ. P. 17(c)(2).

Here, Defendants Z.B. and J.B. are minors. Z.B. and J.B. have conflicting interests in the Death Benefit and, therefore, they need separate representation. Their grandmother, Annie L. Davis ("Annie"), has been appointed as their guardian. Defendant, J.B. asserts in her Answer that she has counsel and that she does not need a guardian *ad litem* at this time. (*See* Answer of J.B., filed December 14, 2018, at ¶24). However, in the event that the Court determines that a guardian *ad litem* is necessary to represent the interests of J.B., Prudential respectfully asks that the Court appoint her grandmother, Annie, or some other individual as guardian *ad litem* for J.B. Annie has agreed to so serve. (*See* Declaration of Joyce S. Min, at ¶3).

As for Z.B., he appears to be wholly unrepresented, with no adult volunteering to do so, and therefore, Prudential respectfully requests that the Court appoint an independent guardian *ad litem* for Z.B. Prudential further respectfully requests that any Order appointing an independent guardian *ad litem* specify that the guardian *ad litem* fees be paid for from the corpus.

Where a guardian *ad litem* is appointed in an interpleader action pursuant to Fed. R. Civ. P. 17(c), courts have found that it is reasonable and appropriate that the guardian

6

*ad litem* be compensated from the fund deposited with the court. *See Mutual Life Ins. Co. of New York v. Ginsburg*, 228 F.2d 881, 883-84 (3d Cir. 1956) (finding that the guardian *ad litem* fees are appropriately paid out of the fund); *United Farm Bureau Family Life Ins. Co. v. Fultz*, 176 Ind. App. 217, 234, 375 N.E.2d 601, 613 (Ind. Ct. App. 1978). Prudential should not bear these fees. Indeed, as a neutral, interpleading stakeholder, Prudential should not be out of pocket for the necessary expenses incurred in connection with interpleading a death benefit and is otherwise entitled to seek to recover its attorneys' fees from the corpus. *Federated Mutual Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973 (8th Cir. 2016) (a completely disinterested stakeholder should not be out-of-pocket for the necessary expenses and attorney's fees incurred in interpleading the funds).

Ultimately, since Z.B. and J.B. have competing interests to the Remaining Death Benefit, Prudential respectfully requests that this Court issue an Order (1) appointing Annie or another individual as guardian *ad litem* for J.B.; (2) appointing another individual as guardian *ad litem* for Z.B. for the purposes of appearing on behalf of the minors in this action and otherwise binding them to Orders entered and decisions made during the course of this litigation and (3) directing that reasonable fees for the guardians *ad litem*s' services be paid out of the Death Benefit.

## **CONCLUSION**

Prudential respectfully requests that this Court enter an Order directing Prudential to deposit the Remaining Death Benefit into the Court's registry and appointing an

individual as the Court deems appropriate as guardians *ad litem* for Defendants, Z.B. and J.B..

Dated: July 1, 2019 **BERENS & MILLER, P.A.**

s/Barbara P. Berens
Barbara Podlucky Berens (#209778)
Erin K. F. Lisle (#238168)
Carrie L. Zochert (#291778)
80 South 8th Street
3720 IDS Center
Minneapolis, MN  55402
(612) 349-6171
bberens@berensmiller.com
elisle@berensmiller.com
czochert@berensmiller.com

***Attorneys for The Prudential Insurance Company of America, Inc.***

8