UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.

J.B., a minor; Z.B., a minor; and ANNIE L.
DAVIS, solely in her capacity as guardian of
J.B. and Z.B., and MARILYN DAVIS,

        Defendants.

Civil Action No.: 0:18-cv-03189-DSD-ECW

## DECLARATION OF VICTORIA ANGLE

I, Victoria Angle, hereby declare as follows:

1. I am employed by Plaintiff, The Prudential Insurance Company of America ("Prudential"), in the Group Life Claims Department as a Process Management Specialist. I have reviewed the records maintained in the normal course of business by the Prudential Group Life Claims Department and, in particular, those records that relate to claims made incident to the death of Andrew L. Davis, deceased (the "Insured") and make this Declaration based upon personal knowledge, including this review.

2. Prudential issued a group life insurance policy to Wal-Mart Stores, Inc. ("Wal-Mart"), bearing Group Policy No. G-43939 (the "Group Policy"). Attached hereto as Exhibit A is a true and accurate copy of the Group Policy booklet/certificate.

3. At all relevant times, the Insured, by way of his employment with Wal-Mart, was covered for basic life insurance in the amount of $44,000.00 ("Basic Life Benefit"), optional life

1

insurance in the amount of $200,000.00 ("Optional Life Benefit"), and optional accidental death and dismemberment insurance in the amount of $200,000.00 ("Optional AD&D Benefit") under the Group Policy for a total death benefit of $444,000.00 ("Total Death Benefit"). Attached as Exhibit B is a true and accurate copy of a printout reflecting the amounts of the Basic Life Benefit, Optional Life Benefit, and Optional AD&D Benefit.

4. On or about March 4, 2015, the Insured designated J.B. and Z.B. as co-equal primary beneficiaries of the Total Death Benefit. Attached hereto as Exhibit C is a true and accurate copy of an online print out of the Insured's Beneficiary Designations, dated March 4, 2015.

5. Prudential has received information that the Insured died in the State of Minnesota on October 21, 2017. The immediate cause of the death was cardiac arrest complicating altercation, and the manner of death was ruled as a homicide. Attached hereto as Exhibit D is a true and accurate copy of the Insured's Death Certificate, as provided to Prudential.

6. As a consequence of the Insured's death, the Total Death Benefit became due.

7. Davis made a claim for the benefits due under the Group Policy on behalf of J.B. Attached hereto as Exhibit E is a true and correct copy of the Group Life Insurance Claim Form submitted by Davis on behalf of J.B., dated December 18, 2017, as received by Prudential.

8. Davis made a claim for the benefits due under the Group Policy on behalf of Z.B. Attached hereto as Exhibit F is a true and correct copy of the Group Life Insurance Claim Form submitted by Davis on behalf of Z.B., dated January 17, 2018, as received by Prudential.

9. Davis also provided a copy of an Order entered on August 8, 2007 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, appointing Davis as guardian of the persons and estates of J.B. and Z.B. Attached hereto as Exhibit G is a true and

correct copy of the Order entered on August 8, 2007 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, as received by Prudential.

10. Prudential has paid 50% of the Total Death Benefit to J.B., as her 50% share of the Total Death Benefit is undisputed and is not at issue in this lawsuit.

11. Z.B. has a claim to the remaining 50% of the Total Death Benefit, or $222,000.00 ("Remaining Death Benefit").

12. On or about April 3, 2018, Prudential spoke with William Mondale of the Hennepin County Attorney's Office. Mr. Mondale stated that criminal charges are pending for Z.B. with regard to the Insured's homicide.

13. Upon information and belief, the Insured had no children surviving him upon his death and no estate has been opened for the Insured.

14. Prudential claims no title to or interest in the Remaining Death Benefit due under the Group Policy and has commenced this action to protect itself from potential multiple liability.

15. Prudential is ready and willing to deposit the Remaining Death Benefit of $222,000.00, together with applicable claim interest, if any, with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2019

_Victoria Angle_
Victoria Angle