UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B., and MARILYN DAVIS,<br><br>　　　　　Defendants. | Civil Action No.: 0:18-cv-03189-DSD-ECW |

### ORDER APPOINTING GUARDIAN *AD LITEM* AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67

The above entitled cause having come before the Court upon the Motion of Plaintiff, The Prudential Insurance Company of America ("Prudential"), to appoint a guardians *ad litem* for minor Defendants, J.B. and Z.B., and for an Order directing Prudential to deposit a remaining death benefit in the amount of $222,000.00 ("Remaining Death Benefit") out of a total death benefit of $444,000.00 with this Court pursuant to Federal Rule of Civil Procedure 67 due as a consequence of the death of Andrew L. Davis (the "Insured"), who was insured under a group life insurance policy bearing Group Policy No. G-43939 (the "Group Policy") issued by Prudential to Wal-Mart Stores, Inc. ("Wal-Mart"), and the Court having considered the application:

**NOW THEREFORE,** it is on this _____ day of _____, 2019;

**ORDERED** as follows:

1. Annie Davis is hereby appointed guardian *ad litem* for the minor, J.B., with regard to the above-captioned matter.

2. _____ is hereby appointed guardian *ad litem* for the minor, Z.B., with regard to the above-captioned matter.

3. The independent guardians *ad litem's* reasonable fees shall be paid out of the Death Benefit.

4. Within thirty (30) days of the date of this Order, Prudential shall deposit with the Clerk of this Court the Death Benefit; to wit: $222,000.00, together with accrued claim interest on this amount, if any.

5. The Clerk shall deposit the Remaining Death Benefit as herein set forth into the Registry of this Court as soon as the business of his or her office allows, and the Clerk shall deposit these funds into an interest-bearing account.

6. These funds shall be deposited by the Clerk into the Registry of this Court as soon as the business of the office allows, and the Clerk shall deposit these funds into the interest-bearing Disputed Ownership Fund ("DOF") established within the Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian.

7. The Death Benefit so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further notice of this Court at which time the funds, together with

interest thereon, shall be retrieved by the Clerk and redeposited into the non-interest bearing Registry of the Court for disposition pursuant to the further order of the Court.

8. The Custodian shall deduct a miscellaneous schedule fee for the handling of those registry funds invested in interest-bearing accounts, as authorized by the Judicial Conference of the United States, of 10% of the income earned on an account and any subsequent deposit of new principal while invested in C.R.I.S.

_____
Elizabeth C. Wright
Magistrate Judge of District Court