UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | * * * | |
| Plaintiff, | * * | |
| v. | * * * | Case No. 0:18-cv-03189-DSD-ECW |
| J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B., | * * * * | |
| Defendants. | * | |

**RESPONSE OF J.B., A MINOR, BY ANNIE L. DAVIS, HER GUARDIAN, TO PLAINTIFF'S MOTION TO APPOINT A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67**

Defendant J.B., a minor, appearing herein through her guardian, Annie L. Davis, and undersigned counsel, consents to The Prudential Insurance Company of America's ("Prudential") request to deposit the disputed funds, and to Prudential's request to have a guardian *ad litem* appointed for Defendant Z.B. However, J.B. opposes the appointment of a second guardian *ad litem* to represent her interests because she is already represented by a legal guardian as well as counsel with experience in life insurance interpleader matters. The added cost of a second *ad litem* would further deplete the amount available for her to recover in this case and would not deliver her any significant benefit.

1

LAW AND ARGUMENT

It is well established that the appointment of a guardian *ad litem* is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure. *See, e.g.,* Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001); Roberts v. Ohio Cos. Ins. Co., 256 F.2d 35, 38 (5th Cir. 1958); Burns v. United States, No. 12-CV-2957-DMS (MDD), 2015 U.S. Dist. LEXIS 192475, at *14 (S.D. Cal. May 13, 2015).

Rule 17(c)(2) states that the court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action. The main consideration for the district court is protection of the minor's interest. *See* Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 135-36 (3d Cir. 2002). However, a guardian *ad litem* is not required in all cases. *See* Roberts, 256 F.2d at 39. Rule 17(c) authorizes the district court to appoint a guardian ad litem 'for an infant … not otherwise represented in an action….'" Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980) (other citations omitted). Rule 17(c)(1)(A) also provides that a general guardian may litigate on a minor's behalf. In such a situation, "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian *ad litem* should be appointed." Burke, 252 F.3d at 12. When a minor is represented by a parent who is a party to the lawsuit and has the same interest as the child, there is generally no conflict of interest. Id.; *see also* Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("When a parent brings an action on behalf of a

child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).")

Here, Annie Davis is the legal guardian of J.B., has already retained counsel for J.B.'s benefit, and seeks a determination by the Court that J.B. is entitled to 100% of the disputed life insurance proceeds over any other party. Thus, her interests are completely aligned with those of J.B., and there is no reason to appoint a second *ad litem* in addition to the one being sought to represent Z.B. because that will only result in a duplication of efforts and unnecessary depletion of the limited funds available for recovery.

## CONCLUSION

For the foregoing reasons, J.B. consents to an order permitting Prudential to deposit the funds, with interest, and to an order appointing an *ad litem* for Z.B. J.B. opposes the appointment of an *ad litem* for herself because she is already represented by her legal guardian, Annie Davis, and undersigned counsel with significant experience litigating interpleader matters involving homicide allegations.

DATED this 15th day of July, 2019.

Respectfully submitted,

*/s/ Michael J. Hoover*
Michael J. Hoover
LA Bar No. 35497
Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: (225) 246-8706
Email: michael.hoover@interpleaderlaw.com
Attorney for Defendant J.B., a minor,
represented herein by Annie L. Davis, her
guardian

3

## CERTIFICATE OF SERVICE

☒  I hereby certify that on July 15, 2019, I caused a copy of the foregoing to be filed electronically using the CM/ECF System. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Michael J. Hoover*
Michael J. Hoover