**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>J.B. a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B. and Z.B., and MARILYN DAVIS,<br><br>    Defendants. | Civil Action No. 0:18-cv-03189-DSD-ECW<br><br>**MARILYN DAVIS' ANSWER TO AMENDED INTERPLEADER COMPLAINT** |

Defendant Marilyn Davis (now known as Marilyn Cariazo hereinafter ("Cariazo"), an individual and surviving spouse of decedent Andrew Davis, for her Answer to Plaintiff's Amended Interpleader Complaint ("Plaintiff's Complaint") states as follows:

**THE PARTIES**

1. Cariazo admits the allegations contained in ¶1 of Plaintiff's Complaint. ¶

2. Cariazo admits the allegations contained in ¶2 of Plaintiff's Complaint.

3. With respect to ¶3 of Plaintiff's Complaint, Cariazo understands that Defendant, Z.B. caused the death of decedent of Andrew Davis ("Decedent") and that he is currently incarcerated. Cariazo believes that Z.B. resided at 3100 Virginia Avenue N., Crystal, Minnesota 55427 and that he is the nephew of Decedent. Cariazo is without sufficient information to form an opinion as to the truth or falsity of whether Z.B. is a "punitive beneficiary of the life insurance proceeds at issue in this action" and therefore denies same.

4. Cariazo admits the allegations contained in ¶4 of Plaintiff's Complaint.

5. Cariazo admits the allegations contained in ¶5 of the Plaintiff's Complaint, except that she affirmatively alleges that her name was changed from Marilyn Carizo Davis to Marilyn Tuquilar Cariazo, pursuant to a new Order of Hennepin County District Court, File No. 27-CV-18-19108, which was entered on December 19, 2018.

## JURISDICTION

6. Cariazo admits the allegations contained in ¶6 of Plaintiff's Complaint.

7. Cariazo admits the allegations contained in ¶7 of Plaintiff's Complaint.

8. Cariazo admits the allegations contained in ¶8 of Plaintiff's Complaint.

## FACTS SUPPORTING INTERPLEADER

9. Cariazo admits the allegations contained in ¶9 of Plaintiff's Complaint.

10. Cariazo admits the allegations contained in ¶10 of Plaintiff's Complaint.

11. Cariazo is without sufficient information to form an opinion as to the truth or falsity of the allegations contained in ¶11 of Plaintiff's Complaint and therefore denies same.

12. Cariazo admits the allegations contained in ¶12 of Plaintiff's Complaint.

13. Cariazo admits the allegations contained in ¶13 of Plaintiff's Complaint.

14. Cariazo admits the allegations contained in ¶14 of Plaintiff's Complaint.

15. Cariazo admits the allegations contained in ¶15 of Plaintiff's Complaint.

16. Cariazo has no evidence whether Plaintiff has paid 50% of the total death benefit to J.B. other than Plaintiff's statement that they have done so, therefore Cariazo denies ¶16, subject to reviewing proof of payment of same as alleged.

17. Cariazo denies the allegations contained in ¶17 of Plaintiff's Complaint and affirmatively alleges that Z.B. has no claim pursuant to Minnesota Common Law given the fact that he killed the Decedent. Additionally, his recovery is denied pursuant to the terms of the

"Minnesota Slayer Statute" embodied in Minn. Stat. annotated §524.2-803 and is further denied by Minnesota Common Law.

18. Cariazo admits the allegations contained in ¶18 of Plaintiff's Complaint.

19. Cariazo admits the allegations contained in ¶19 of Plaintiff's Complaint.

20. Cariazo admits the allegations contained in ¶20 of Plaintiff's Complaint.

21. Cariazo admits the allegations contained in ¶21 of Plaintiff's Complaint.

22. Cariazo denies the allegations contained in ¶22 of Plaintiff's Complaint and affirmatively alleges that in the event Z.B. is disqualified, Cariazo, pursuant to the strict terms of the subject insurance policy is entitled to the remaining death benefits payable by Plaintiff herein and further affirmatively alleges that she, as a surviving spouse of the intestate Decedent is entitled to all of the remaining proceeds of the subject policy pursuant to the Minnesota Intestacy Statutes, embodied in Minn. Stat. §524.2-102, *et. seq*.

23. Cariazo admits the allegations contained in ¶23 of Plaintiff's Complaint herein and affirmatively alleges that she is the only party entitled to remaining death benefit pursuant to the terms of the subject policy itself, pursuant to the terms of the subject policy itself, the Minnesota Slayers Statute embodied in Minn. Stat. §524.2-803, and Minnesota Intestacy Statutes embodied in Minn. Stat. §524.2-102 *et. seq*.

24. Cariazo admits the allegations contained in ¶24 of Plaintiff's Complaint.

25. No answer is required to ¶25 of Plaintiff's Complaint of this answering Defendant.

26. No answer is required to ¶26 of Plaintiff's Complaint of this answering Defendant.

27. No answer is required to ¶27 of Plaintiff's Complaint of this answering Defendant.

## COUNT ONE:
## CONTRACT

28. Cariazo restates and realleges ¶¶1-24 of Plaintiff's Complaint and her ¶¶1-24 Answer herein.

29. Cariazo married the Decedent on or about May 25, 2000, and was married to him on the date of his death.

30. Decedent and Cariazo had no children born as issue to their marriage.

31. Decedent had no surviving children upon the date of his death.

32. Decedent died intestate.

33. Cariazo comprises Decedent's "surviving spouse" within the contemplation of Minnesota Law and within the contemplation of Plaintiff's life insurance policy which is the subject of this action.

34. Based upon information and belief, Decedent named J.B. as the beneficiary of his aforementioned life insurance policy with Plaintiff, and Plaintiff has paid J.B. the sum of $220,000 representing one-half the death benefits payable by Plaintiff pursuant to the terms of the subject policy.

35. Defendant Z.B. caused the death of the Decedent and is precluded from receiving as beneficiary of the life insurance policy any benefit from Plaintiff pursuant to the Minnesota Slayers Statute embodied in Minn. Stat. §524.2-803 and Minnesota Common Law.

36. Because Plaintiff has previously paid Defendant J.B. her beneficiary benefits and because Z.B. is precluded from receiving beneficiary benefits under the subject policy, there is "no beneficiary" remaining with the terms of the subject policy.

37. The subject policy specifically requires the remaining beneficiary benefits to be paid to Cariaso to the exclusion of all others. The subject policy includes the following language.

> Any amount of insurance under a coverage for which there is no beneficiary at your death will be payable to the first of the following: your (a) surviving spouse…

The subject contract clearly and absolutely requires the remaining beneficiary benefits to be paid to Cariazo to the exclusion of all other potential claimants.

## COUNT TWO:
## MINNESOTA SLAYERS STATUTE

38. Cariazo restates and realleges ¶¶1-37 of her Answer herein.

39. Defendant Z.B. feloniously and intentionally caused the death of Decedent within the contemplation of Minn. Stat. §524.2-803.  Said statute specifically provides in relevant part that where insurance proceeds may not be paid to an individual who caused the death of the Decedent, the Court may order the insurance to pay the following:

> The policy proceeds to any person equitably entitled thereto including the deceased insured's spouse, children, issue, parents, creditors, or state….

40. Since Decedent had no children or issue upon his death, it is fair and equitable that the subject insurance proceeds be paid to Cariazo as his surviving spouse.

## COUNT THREE:
## COMMON LAW

41. Cariazo restates and realleges ¶¶1-40 of her Answer herein.

42. Defendant Z.B., within the contemplation of Minnesota Common Law purposely caused the death of Decedent.

43. Minnesota Common Law prevents a tort feasor from benefitting from his misdeeds of misconduct.

44. As a direct result of Defendant Z.B. causing the death of Decedent herein, he is precluded by Minnesota Common Law from receiving any death benefits payable to the terms of the life insurance policy which is the subject of this action.

## COUNT FOUR:
## MINNESOTA PROBATE STATUTES

45. Cariazo restates and realleges ¶¶1-44 of her Answer herein.

46. Decedent died intestate without leaving a valid will; he died "intestate" within the contemplation of applicable Minnesota Probate Law.

47. Cariazo is entitled to Decedent's entire estate as his surviving spouse.

48. Pursuant to Minn. Stat. §524.2-102, Cariazo, having been married to Decedent for more than 15 years, is entitled to 50% of his augmented estate.

49. Pursuant to Minn. Stat. §524.2-205(1)(iii), Decedent's augmented estate includes proceeds of insurance, which in this case include but are not necessarily limited to the entire $440,000 death benefit for which Decedent was insured.

50. Based upon Minn. Stat. §524.2-404, et. seq., Cariazo is entitled to the sum of $41,400 from Decedent's augmented estate as a surviving spouse of a solvent estate, in addition to 50% of Decedent's augmented estate.

## PRAYER FOR RELIEF

WHERFORE, Cariazo respectfully requests that this Court grant judgment in her favor and specifically directs the Court to pay the remaining proceeds of the subject insurance policy to her based upon the following:

A. Pursuant to the subject terms embodied in page 46 of the insurance policy itself;

B. Pursuant to the Minnesota Slayer Statute embodied in Minn. Stat.§524.2-803;

C. Pursuant to intestate laws and the augmented estate statute set forth in Minn. Stat. §524.2-205; and finally

D. Pursuant to the Minnesota Intestacy laws embodied in Minn. Stat. §524.2-102;

E. Pursuant to Minnesota Common Law which prevents a person (i.e., Z.B.) from benefiting from their misdeeds or from profiting from their own wrong-doing.

RESPECTFULLY SUBMITTED,

Date: October 2, 2019                           HAUGAN LAW OFFICE, LTD.


/s/ Todd R. Haugan
Todd R. Haugan  #124333
641 E. Lake Street, Suite 224
Wayzata, MN 55391
(952) 476-7849 (T)
(952) 473-8813 (F)
todd@hauganlaw.com

Attorney for Defendant Marilyn Davis, now known as Marilyn Cariazo