UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>J.B., a minor; Z.B., a minor; and ANNIE L. DAVIS, solely in her capacity as guardian of J.B., and MARILYN DAVIS,<br><br>    Defendants. | Case No. 0:18-cv-03189-DSD-ECW |

**ANSWER AND AFFIRMATIVE DEFENSES OF J.B., A MINOR,
BY ANNIE L. DAVIS, HER GUARDIAN, TO THE
POTENTIAL CROSSCLAIM OF MARILYN DAVIS (CARIAZO)**

Defendant J.B., a minor, appearing herein through her guardian, Annie L. Davis, and undersigned counsel, hereby answers the pleading lodged by Defendant Marilyn Davis (Cariazo) that she designated as an Answer (ECF No. 47) insofar as it might liberally be construed to assert one or more crossclaims against J.B. Specifically, Marilyn Davis (Cariazo)'s Answer includes four "counts" appearing in paragraphs 28-50, without designating against whom those counts are made. Out of an abundance of caution, J.B. will treat the "counts" as potential crossclaims against her, and hereby responds to the potential crossclaims, according to their numbered paragraphs, as follows:

1

## COUNT ONE
### Contract

1. No response is required to the allegations of Paragraph 28.

2. J.B. is without sufficient information to admit or deny the allegations of Paragraph 29.

3. J.B. admits the allegations of Paragraph 30.

4. J.B. admits the allegations of Paragraph 31.

5. J.B. is without sufficient information to admit or deny the allegations of Paragraph 32.

6. J.B. is without sufficient information to admit or deny the allegations of Paragraph 33.

7. J.B. admits that the Insured named her as a primary beneficiary of the death benefit related to Group Policy No. G-43939 (the "Policy"), and that her guardian has received 50% of the death benefit for her benefit.

8. J.B. admits the allegations of Paragraph 35.

9. J.B. denies the allegations of Paragraph 36.

10. J.B. denies the allegations of Paragraph 37.

## COUNT TWO
### Minnesota Slayer Statute

9. No response is required to the allegations of Paragraph 38.

10. J.B. admits the allegations of Paragraph 39.

11. J.B. denies the allegations of Paragraph 40.

## COUNT THREE
## Common Law

12. No response is required to the allegations of Paragraph 41.

13. J.B. admits the allegations of Paragraph 42.

14. J.B. admits the allegations of Paragraph 43.

15. J.B. admits the allegations of Paragraph 44.

## COUNT FOUR
## Minnesota Probate Statutes

17. No response is required to the allegations of Paragraph 45.

18. J.B. is without sufficient information to admit or deny the allegations of Paragraph 46.

19. J.B. is without sufficient information to admit or deny the allegations of Paragraph 47.

20. J.B. is without sufficient information to admit or deny the allegations of Paragraph 48.

21. J.B. denies the allegations of Paragraph 49.

22. J.B. denies the allegations of Paragraph 50.

All allegations in the Answer, insofar as it might liberally be construed as a crossclaim against J.B. (ECF No. 47), not expressly admitted or addressed are hereby denied. J.B. reserves her right to amend and supplement this Answer pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The potential crossclaim fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Marilyn Davis (Cariazo)'s potential claims against J.B., if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. To the extent the crossclaim makes claims and seeks remedies ERISA does not provide, ERISA preempts those claims and remedies. *See* Pilot Life v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549, 95 L.Ed.2d 39 (1987).

### THIRD AFFIRMATIVE DEFENSE

Marilyn Davis (Cariazo) failed to exhaust her ERISA administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Marilyn Davis (Cariazo)'s rights and remedies are limited to the explicit terms of the Policy. Said Policy is a written document and, as such, is the best evidence of its terms, conditions, coverage, exclusions, limitations and all matters pertaining thereto. Accordingly, J.B. pleads the Policy as a complete defense to Marilyn Davis (Cariazo)'s potential crossclaim as if copied *in extenso* herein.

### FIFTH AFFIRMATIVE DEFENSE

The Policy provides that "[i]f a Beneficiary dies before you, that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary form states otherwise." (ECF No. 20-1 at p. 66).

## SIXTH AFFIRMATIVE DEFENSE

Marilyn Davis (Cariazo)'s potential claims are barred by the doctrine of laches.

J.B. reserves the right to amend and supplement these affirmative defenses pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendant J.B. demands Judgment in her favor, costs, interest, attorney's fees to the extent authorized, and any other relief deemed just and proper.

DATED this 12th day of November, 2019.

    Respectfully submitted,

    */s/ Michael J. Hoover*
    Michael J. Hoover
    LA Bar No. 35497
    Interpleader Law, LLC
    9015 Bluebonnet Blvd.
    Baton Rouge, Louisiana 70810
    Telephone: (225) 246-8706
    Email: michael.hoover@interpleaderlaw.com
    *Attorney for Defendant J.B., a minor, represented herein by Annie L. Davis, her guardian*

## CERTIFICATE OF SERVICE

☒  I hereby certify that on November 12, 2019, I caused a copy of the foregoing and any attachments to be filed electronically using the CM/ECF System. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Michael J. Hoover*
Michael J. Hoover